IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SENAIT GETACHEW,
        Plaintiff,
v.

10 C 5750

PARTYLITE WORLDWIDE, INC.,
        Defendant.

Judge Virginia M. Kendall

**MEMORANDUM OPINION AND ORDER**

Plaintiff Senait Getachew filed suit against her former employer, PartyLite Worldwide, Inc., alleging claims of race discrimination and retaliation in violation of Title VII and 42 U.S.C. § 1981. PartyLite moved for summary judgment on the grounds that Getachew, by agreement, waived her right to bring suit against it under state or federal employment law. For the reasons set forth below, PartyLite's Motion for Summary Judgment is granted.

**I. Material Undisputed Facts**

Senait Getachew was employed by PartyLite from April 21, 1997 through January 5, 2009. (Pl. 56.1 Resp. ¶ 1). Getachew held a number of positions at PartyLite and was at all times an "at will" employee. (*Id.* ¶ 3-4). In January of 2009, PartyLite decided to reorganize its workforce as a response to the continued economic downturn. (*Id.* ¶ 6). On Januray 7, 2010, PartyLite presented Getachew with an Agreement and General Release. (*Id.*). The Agreement stated that, "[b]y signing this document...you agree to release PartyLite from liability and agree to waive any rights you may have under the Age Discrimination in Employment Act, and other federal and state employment

1

statutes (other than Workers' Compensation claims and claims under the Fair Labor Standards Act)." (*Id.* ¶ 7). PartyLite offered Getachew thirteen weeks of severance pay, plus continued benefits and outplacement services, in exchange for signing the Agreement. (*Id.* ¶ 12). Getachew was given forty-five days to consider the agreement and decide whether to accept its terms. (*Id.* ¶ 9). In addition, Getachew received a seven day window in which she could revoke her acceptance. (*Id.*). Getachew signed the Agreement and returned it to PartyLite on January 9, 2009. (*Id.* ¶ 8). Getachew did not revoke her acceptance, and when the revocation period passed on January 16, 2009, Getachew signed an acknowledgment form. (*Id.* ¶ 10). In the acknowledgment form Getachew reaffirmed her acceptance of the Agreement and affirmed that she was advised by PartyLine, in writing, to consult with an attorney in connection with signing the Agreement. (*Id.* ¶ 11). Getachew received and accepted the severance payments and benefits provided for in the Agreement. (*Id.* ¶ 13).

Getachew, who is represented by counsel, attempts to dispute several of the facts offered by PartyLite in its Local Rule 56.1 Statement of Material Facts. However, Getachew fails to comply with Rule 56.1; she denies several factual allegations made by PartyLite but she does not support her claims with "references to the affidavits, parts of the record, and other supporting materials" as required by the Rule. *See* L.R. 56.1(b)(3)(B). In addition, Getachew does not put forward any additional statements of fact. Therefore, all of PartyLine's statements of material facts are deemed admitted.

**II. The Standard of Review**

Summary judgment is proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the

movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a genuine issue of material fact exists, the Court must view the evidence and draw all reasonable inferences in favor of the party opposing the motion. *See Bennington v. Caterpillar Inc.*, 275 F.3d 654, 658 (7th Cir. 2001); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). However, on summary judgment the Court will limits its analysis of the facts to that evidence that is supported by the parties' Local Rule 56.1 statements properly before the Court. *Bordelon v. Chicago Sch. Reform Bd. of Tr.*, 233 F.3d 524, 529 (7th Cir. 2000). Where a proposed statement of fact is supported by the record and not adequately rebutted, for purposes of summary judgment the Court will accept that statement as true. An adequate rebuttal requires a citation to specific support in the record; an unsubstantiated denial is not adequate. *See Albiero v. City of Kankakee*, 246 F.3d 927, 933 (7th Cir. 2001); *Drake v. Minnesota Mining & Mfg. Co.*, 134 F.3d 878, 887 (7th Cir. 1998) ("'Rule 56 demands something more specific than the bald assertion of the general truth of a particular matter[;] rather it requires affidavits that cite specific concrete facts establishing the existence of the truth of the matter asserted.'").

**III. Discussion**

Getachew signed an Agreement relinquishing any right to bring suit under any federal or state employment law. Nevertheless, Getachew alleges claims against PartyLine for race discrimination and retaliation in violation of Title VII and 42 U.S.C § 1981. A release of rights is treated as an ordinary contract, and Illinois law governs questions regarding the validity of the contract and its proper construction. *See Hampton v. Ford Motor Co.*, 561 F.3d 709, 714 (7th Cir. 2009). Illinois courts construe contracts to effectuate the intent of the parties. *See Id.* (citing *Vill. Of S. Elgin v. Waste Mgmt. of Ill., Inc.,* 810 N.E.2d 658, 670 (Ill. App. Ct. 2004)). Illinois courts use the objective

theory of intent. *See Hampton,* 561 F.3d at 714 (citing *Newkirk v. Vill. of Steger* 536 F.3d 771, 774 (7th Cir. 2008)). Under this approach, reviewing courts look to the written agreement to ascertain the intention of the parties, and not to their subjective understandings of what the contract means. *See Id.* A clear and unambiguous release must be enforced as written. *See Hampton,* 561 F.3d at 714-715 (finding no ambiguity in agreement that stated employee would waive "any and all rights"); *Pierce v. Atchison, Topeka & Santa Fe Ry. Co.* 65 F.3d 562, 568 (7th Cir. 1995) (holding an unambiguous waiver of federal employment claims existed where plaintiff agreed to release defendant from "any and all claims"). "A general release typically covers all claims of which a signing party has actual knowledge or that he could have discovered upon reasonable inquiry." *Hampton,* 561 F.3d at 715 (internal citations omitted). Where a federal right is the subject matter of a release, the release must be valid under state law and it must have been entered into knowingly and voluntarily. *See Pierce*, 65 F.3d at 571.

Here, the Agreement is an unambiguous contract. Getachew signed an agreement that stated: "You agree to release PartyLite from liability and agree to waive any rights you may have under...federal and state employment statutes." These words of the Agreement are susceptible of only one meaning. Getachew unambiguously waived her right to bring any claim arising under state or federal employment law.

There is no disputed issue of material fact in the record regarding Getachew's inducement to sign the contract. Nevertheless, Getachew does raise the state law defense of fraudulent inducement in her brief. Even if the Court were to entertain Getachew's argument, the state law defense of fraudulent inducement is unavailable to her. Under Illinois law, the defense of fraudulent inducement is not available "when one had the opportunity to read the contract and by doing so could

4

have discovered the misrepresentation." *See Pierce*, 65 F.3d at 569 (denying the defense of fraudulent inducement where employee claimed that the company stated that the release only covered certain claims because the contract was unambiguous and clear). Getachew received a long period in which to consider the Agreement. She was also given a revocation period and was advised to seek legal counsel. Upon termination of the revocation period, Getachew signed an acknowledgment reaffirming her acceptance of the agreement and that she was advised to consult with a lawyer in connection with accepting the agreement. At any number of these points Getachew could have read the document and discovered that she was absolutely waiving her right to bring a cause of action under any state or federal law. The agreement is therefore valid under state law.

There is likewise no dispute that Getachew knowingly and voluntarily signed the release. For the court to address whether the release is valid under the federal standard, "the party challenging the release must come forward with specific evidence sufficient to raise a question as to the validity of the release." *Hampton* 561 F.3d at 716. Under the federal knowingly and voluntarily standard, reviewing courts consider the totality of the circumstances and may address several factors, including: the employee's education; the employee's negotiating position; the clarity of the agreement; the amount of time the employee was given to decide whether to accept the terms; whether the employee was represented by counsel; whether the employee received a benefit in exchange for executing the waiver; and whether the release was induced by improper conduct on the part of the defendant. *Id.* at 716-717. Getachew has not come forward with any evidence to raise an issue as to any of these factors. As has already been discussed, Getachew only claims that PartyLite's representative fraudulently induced her into signing the release. However, Getachew has not put any evidence into the record on this issue. Getachew does attach to her brief her own

5

affidavit, but this evidence is self-serving and not sufficient to raise a triable issue of fact. *See Albiero v. City of Kankakee*, 246 F.3d 927, 933 (7th Cir. 2001) (holding that self-serving affidavits alone will not raise a triable issue of fact to preclude summary judgment). Getachew was given time to conduct discovery on this issue, but she admits that she has not done any. *See Id.* ("...the party opposing the motion [must] take reasonable steps to provide the district court sufficient evidence to create a genuine issue of material fact."). The record is devoid of any evidence to raise a question as to the validity of the release.

**IV. Conclusion**

For the reasons set forth above, PartyLite Worldwide, Inc.'s Motion for Summary Judgment is granted and final judgment is entered in PartyLite Worldwide, Inc's favor.

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: November 10, 2011